STATE OF FLORIDA, ex rel. MORTON R. HIRSCHBERG, Relator, *Plaintiff in Error,* v. FRANK BROWN, as Clerk of the Circuit Court of Duval County, Florida, Respondent, *Defendant in Error.*

Division B.

Opinion filed December 5, 1928.

*Joseph M. Glickstein,* Attorney for Plaintiff in Error;

*Walter F. Rogers, Francis M. Holt* and *Wm. H. Rogers,* Attorneys for Defendant in Error.

BUFORD, J.—In this case alternative writ of mandamus was issued in Duval county to require the clerk of the circuit court to record a certain final decree of foreclosure and sale in chancery order book of the circuit court, or show cause why he did not perform such service. The clerk made his return to the alternative writ, alleging in effect that he had already recorded the final decree and orders referred to at page 1 in Chancery Order Book No. 56 of the Public Records of Duval County, Florida, and that he had so recorded the same by a photographic process authorized by Chapter 10300, Acts of 1825, and which particular process had been recommended by the clerk and approved by the board of county commissioners.

Upon final hearing the court entered its judgment in words and figures as follows:

"And now this cause coming on this day to be further heard, upon the motion of the relator for peremptory writ of mandamus and the cause having been argued by counsel for said relator and counsel for the respondent, and it appearing that the matters of fact involved herein are not disputed or contested, but are fully admitted by the respective parties by their various pleadings herein, and it further appearing that said respondent has duly performed his duty in the premises as clerk of this court, and has lawfully recorded in Chancery Order Book 56, page 1, the final decree heretofore rendered in the case of Morton R. Hirschberg, Complainant, v. Eb. Standerfer et al., Defendants, Number 21552-E, and this Court being of the opinion that the recording of decrees of this Court by photography meets all the requirements of law and that said clerk may not be required to record judgments, orders and decrees by typewriting, as sought by the petition for alternative writ, and the Court being fully advised in the premises, upon consideration thereof, it is ordered and adjudged that the petition of relator for mandamus be refused and denied and the cause be dismissed and that the respondent go hence without day.

DONE AND ORDERED at Jacksonville, State and county aforesaid, this 14 day of June, A. D. 1928.
"DeWITT T. GRAY, Circuit Judge."

We have carefully examined the transcript of the record and it appears that the judgment of the circuit court finds ample support therein and is correct. People, ex rel. Am-

brecht v. Haas, 142 N. E. R. 549; Richardson v. Wood-ard (Miss.), 97 So. R. 808.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.